**MILLER v. ADELSON et ux.**

Civ. A. No. 2413.

District Court, W. D. Pennsylvania.

Aug. 23, 1943.

Frank W. Stonecipher, of Pittsburgh, Pa., and Maurice Rose, of Philadelphia, Pa., for plaintiff.

Robert E. Ashe and E. O. Golden, both of Kittanning, Pa., and Kountz & Fry, of Pittsburgh, Pa., for defendants.

GIBSON, District Judge.

One Edward J. Steiner, acting for complainant, entered into a written agreement with defendants for the sale of a certain tract of land and buildings in Ford City, Pennsylvania. Pursuant to the agreement, $5,000 was paid on account of the total consideration of $80,000. By the agreement, the defendants were required to deliver to Steiner or his assigns a general warranty deed for the tract, in fee simple marketable title, which could be insured by a reputable title insurance company, and in default thereof they were to return the $5,000 paid.

Complainant alleges that defendants were unable to, and did not, deliver such a deed as contemplated by the agreement, and by his action seeks to recover the $5,000 paid on account of the purchase price. Defendants in their answer have denied their inability to deliver such a deed as is contemplated by the agreement and declared their willingness to do so, and have asserted that the complainant failed to tender performance, or has ever rescinded the contract for any legal reason.

In addition to their answer, which at great length sets forth many matters of proof rather than of pleading, defendants have filed a counterclaim which complainant has moved to strike, on the ground that it fails to set forth a cause of action upon which relief may be granted.

The counterclaim alleges, first, that by reason of the agreement, defendants were compelled to provide a place for certain of their machinery not covered by the agreement and which had to be moved, and that such a place was prepared at a cost of $1,000. They also assert, that relying upon the contract, and in preparation of a place for their machinery, they purchased certain rails for a railroad switch which they were compelled later to sell at a loss of $200 upon default of complainant. Defendants further assert that they lost $1,000 per month, or at least $4,000 because they were compelled by the agreement to refuse the rental of a portion of their plant for storage of war materials; and they further assert that they lost, by reason of the complainant's default, the sum of $1,950 during the year 1942 because they were required to refuse to purchase scrap from customers. The total damage thus alleged was $7,150, in addition to the claim of right to retain the $5,000 payment.

The court is of the opinion that the counterclaim sets out no action upon which relief may be granted in respect to the $7,150 claimed, as its items do not appear in a proper measure of damages for default of the proposed purchaser in an agreement for the sale of real estate. As a practical matter, the down payment, the hand money, is designed to cover the loss of the vendor under such an agreement in event of the default of the other party. But in case of default, the proposed vendor has two remedies other than the retention of the down payment: First, he can tender

compliance with the agreement and bring action for the balance of the purchase money; or second, he can retain the land and bring action for the excess in the agreement consideration over that upon a sale at the fair market price. But he cannot rely upon such speculative damages as are urged by the defendants in their counterclaim.

The counterclaim will be dismissed.